Nelson v. Smith.

---

## ROBERT L. NELSON
### V.
## CHARLES S. SMITH AND ERASTUS SMITH.

*Replevin—Tender—Sufficiency of—Instructions—Error without Prejudice.*

1. In an action of replevin to recover certain hogs that had been taken *damage feasant*, it is *held:* That upon tender and demand the plaintiffs became entitled to possession of the hogs; and that the tender was kept good by depositing the amount due for damages with the Justice.

2. It is not error to refuse an instruction which presents a question contained in those given.

3. An instruction requiring proof of a fact to the " satisfaction " of the jury, where there is no conflict of evidence as to such fact, is not sufficient ground for reversal.

[Opinion filed January 19, 1888.]

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. J. A. McKENZIE, for appellant.

Messrs. T. L. McGIRR and GEORGE W. THOMPSON, for appellees.

WELCH, P. J.  This was an action of replevin brought by appellees against the appellant before a Justice of the Peace to recover eleven hogs alleged to have been unlawfully detained by the appellant.  The cause was tried before the Justice of the Peace, and an appeal taken to the Circuit Court where it was again tried, verdict and judgment for the appellees.  From which judgment this appeal is taken.  The evidence shows that appellees discovered that eleven head of their hogs were missing, and that they were informed by McWilliams that their neighbor, the appellant, had them shut up; that the appellees went to see appellant in relation to their hogs; that the appellant claimed to have taken the hogs up *damage feasant* in his corn field; that they offered to pay to the appellant, for twenty-five bushels of corn, at 35 cents per bushel for his damages, and that appellant would not take it, saying: they must get their hogs by law.  They came away and left the hogs.  That appellee, Charles Smith, saw the appellant again; he wanted fourteen dollars for his damages; that he offered him $12.25; he refused it; that he then demanded the hogs of the appellant; that appellant refused to deliver them; that he immediately went to the office of A. H. Potter, a Justice of the Peace, and placing the $12.25 tendered in his hands, sued out the writ of replevin in this case; he left with Justice $2.50 to pay costs.

The contention in this case, arising on the facts, is as to whether the tender was kept good.  It is insisted by counsel for appellant, that the tender was not kept good.  Libott, the Constable, states: "That appellee (Charles Smith) came and wanted him to serve writ.  I asked if we could not settle it.  I talked with Nelson (appellant) about settlement, then went to Justice's office, and learned some money was tendered.  I told Nelson; he said he would take the tender.  I did not know what the tender was.  I told him I would go get it.  Went back to office.  They gave me two five-dollar gold pieces.  I offered them to Nelson.  He said that was not

Nelson v. Smith.

the tender, and refused it.  I went back to the Justice, and
McGirr gave me the other $2.25, and I went back to give it
to Nelson, and he was gone.  I don't know who gave me the
money.  It was lying on the table.  It was suggested to retain
the $2.25 to pay costs."  Potter stated that there was a tender
put up in case of appellees against appellant, before the papers
were issued, of $12.25 and $2.50 put up for costs, by the
appellee (Charles Smith), in all there was $14.75 put up; it
was in court at first trial, and under his control all the time,
until supersedeas was served, when he sent it with the tran-
script to the clerk.  The Circuit Clerk states that he received
$14.75 with the transcript.  Appellant states that appellee
(Charles Smith) tendered him $12.25; that he offered to take
$14; that he, at that time, refused the $12.25; that he had a
conversation with Libott, Wells and Housh about settling; that
he told them he would take what Smith had tendered.  Libott
went and got two five-dollar gold pieces, and offered them to
him, which he refused.  No other tender was made to him.

When appellee made the tender of $12.25 to the appellant,
and demanded the property which was refused by the appel-
lant, appellees, at that moment, became entitled to the posses-
sion of the hogs.  Appellees had the right to immediately sue
for their property, and by depositing with the court their ten-
der, and permitting it to remain for the benefit of the appellant,
all the costs of the suit would be on the appellant.  There is
no question as to the sufficiency of the tender.  The evidence
shows the deposit of the tender of $12.25 with the court,
also $2.50 for costs, prior to the institution of the suit, which
money remained in the hands of the Justice until the appeal
was taken, and was sent to the Clerk of the Circuit Court.
The evidence fails to show any withdrawal of this tender by
the appellees, unless it is shown by the evidence of Libott.
We think his evidence fails to show any withdrawal of the
tender.  We are of the opinion that the tender was kept
good.

It is further insisted by the counsel for appellant that the
court erred in refusing the 5th instruction asked by the ap-
pellant.  This instruction was based upon the idea that there

was a tender of $12.25 which had been refused, but that if afterward, and before any suit had been commenced, the appellee offered to take the $12.25, and the appellees thereupon tendered only $10, then the appellees could not thereafter bring this suit until they had tendered the amount they admit to be due, and had made demand for possession. The instructions given for appellant, marked 4 and 4½, fully and clearly state the proposition contained in the 5th refused instruction. In such cases it has been uniformly held by the Supreme Court that it is not error to refuse it.

It is further insisted by counsel for appellant, that the court erred in giving the 4th instruction for appellees. This instruction told the jury that if they believed from the evidence that a tender of $12.25 was made by appellees, and that said tender was made before the writ of replevin was issued, then, and in that case, the jury are instructed that unless the appellant introduced evidence to show to their satisfaction that said $12.25 was not sufficient to pay the damages, etc. The objection made is that it requires a higher degree of evidence than is required, "to their satisfaction." This objection would be well taken, if it was upon a question in regard to which there was any conflict. The amount of damages was conceded by the appellant and the appellees to be $12.25. This instruction could not injure the appellant.

The verdict is supported by the evidence. The judgment is affirmed.

*Judgment affirmed.*